**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JAMES STONE, )<br>)<br>        Petitioner, )<br>v. )<br>)<br>JAMES BAYSINGER, )<br>)<br>        Respondent. ) | No. 2:10-cv-73-WTL-DML |

**Entry Discussing Petition for Writ of Habeas Corpus**

This is an action for habeas corpus relief in which state prisoner James Stone challenges the validity of a prison disciplinary proceeding. The writ Stone seeks is authorized by 28 U.S.C. § 2254(a). Stone is entitled to such a writ if he is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

**I. Stone's Motion to Expand the Record**

Stone's motion to expand the record seeks to offer evidence supporting his contention that the period of segregation imposed on him as a sanction in the challenged disciplinary proceeding denied him of due process under the test established by *Sandin v. Conner,* 115 S. Ct. 2293, 2300 (1995)(an inmate's liberty interest is not implicated unless the disciplinary measure in question imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The deprivation Stone argues may have implicated the very narrow due process path which exists in the setting of an inmate being placed in segregation, but it did not do so in a way which is cognizable in an action for habeas corpus relief.

Being "in custody" is a requirement for seeking federal habeas relief. *See Maleng v. Cook,* 490 U.S. 488, 490 (1989); *Carter v. United States,* 733 F.2d 735, 736 (10th Cir. 1984), *cert. denied,* 469 U.S. 1161 (1985). "[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the 'severity' of an actual or potential restraint on liberty." *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir.), *cert. denied,* 519 U.S. 1041 (1996). At one end of the spectrum are sanctions which do not constitute "custody." That is precise where Stone's sanction of placement in segregation sits, and hence that sanction cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). Placement in segregation, regardless of how onerous it may have been, did not constitute "custody" for purposes of the habeas corpus statute. *Keller v. Donahue,* 2008 WL 822255, *1 (7th Cir. 2008)("The choice to house an inmate in segregation rather than with the

general population affects the severity, not the duration, of confinement; an inmate in segregation is not 'in custody' for purposes of § 2254 and cannot use habeas corpus to challenge the sanction.")(citing *Montgomery*).

The motion to expand the record (dkt 14) is therefore **denied.**

## II. The Respondent's Motion to Dismiss

When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive the inmate of good-time credits without ensuring that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). Stone argues that the sanctions he suffered could have a consequence to the duration of his anticipated custody, but his argument is based on speculation, which is not sufficient. *See, e.g., Holleman v. Finnan,* 2008 WL 110982, *1 (7th Cir. 2008)("it may be true, as Holleman insists, that the imposition of disciplinary segregation will adversely affect his future eligibility for parole. Nonetheless, Holleman cannot use § 2254 to challenge the deprivation of an opportunity for accelerated release from custody.")(citing *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003); *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000)); *Higgason v. Farley*, 83 F.3d 807, 809-810 (7th Cir. 1996) (the denial of access to educational programs does not infringe on a protected liberty interest, even if denied the opportunity to earn good time credits).

Stone has not met the "in custody" requirement of the federal habeas statute. The respondent's motion to dismiss (dkt 13) is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/04/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana